COPY

FREUND & BRACKEY LLP
Jonathan D. Freund (SBN 157357)
jfreund@freundandbrackey.com
Craig A. Huber (SBN 159763)
cahuber@freundandbrackey.com
427 North Camden Drive
Beverly Hills, CA 90210
Tel: 310-247-2165
Fax: 310-247-2190

Attorneys for Defendant,
THE ORCHARD ENTERPRISES, INC.

FILED

2010 DEC 17  PM 3: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CAL.
LOS ANGELES

BY:____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSEPH W. VALENZIANO, an
individual,

                    Plaintiff,

          v.

THE ORCHARD ENTERPRISES,
INC., a Delaware Corporation, and
DOES 1 through 25, inclusive,

                    Defendants.

Case No.  CV 10  9754 JFW
(PLA)

[L.A. Sup. Ct. Case No. BC448281]

NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. § 1441

///

///

///

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

1
NOTICE OF REMOVAL

# NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant THE ORCHARD ENTERPRISES, INC. ("The Orchard") hereby removes this civil action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the United States District Court for the Central District of California on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

1.     On October 27, 2010, JOSEPH W. VALENZIANO ("Plaintiff") commenced this action in the Superior Court of the State of California for the County of Los Angeles as Case No. BC448281 (the "State Court Action"). A true and correct copy of the complaint filed in the State Court Action (the "Complaint") is attached hereto as Exhibit A.

2.     Defendant The Orchard was first served with the Complaint and summons from the state court on November 22, 2010. A true and correct copy of the summons is attached hereto as Exhibit B.

3.     Exhibits A and B comprise all process, pleadings and orders served on The Orchard in the State Court Action. 28 U.S.C. § 1446(a).

4.     This Notice of Removal is timely because it is being filed within 30 days after The Orchard was served with a copy of the Complaint. 28 U.S.C. § 1446(b).

5.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(3), and this action may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.     Complete diversity of citizenship exists in that the Plaintiff is a citizen of California and The Orchard is a citizen of New York, specifically:

a.     Plaintiff is, and at the time the State Court Action was filed was, an individual who resides in and does business in California (Ex. A, p. 2 ¶ 2); and

1    b.    Defendant is, and at the time the State Court Action was filed
2  was, a corporation registered under the laws of the state of Delaware, whose
3  principal place of business is New York City, New York.

4    7.    The matter in controversy exceeds the sum of $75,000, excluding
5  interest and costs, as Plaintiff is seeking damages in an amount of not less than
6  $100,000.  (*Id.* p. 9, ¶¶ 1.A., 2.A., and 4.A.).

7    8.    The Orchard is the only named defendant in the State Court Action.

8    9.    This is the proper District in which to file this Notice of Removal,
9  because this District embraces Los Angeles County, which is where the State Court
10  Action was filed.

11    10.    A copy of this Notice of Removal is being served on Plaintiff's counsel
12  and filed with the clerk of the Superior Court of California for the County of Los
13  Angeles.

14
15  DATED: December 17, 2010                    FREUND & BRACKEY LLP
16
17                                By:    /Craig A. Huber/
18                                       Jonathan D. Freund,
                                         Craig A. Huber
19
                                       Attorneys for Defendant,
20                                     THE ORCHARD
                                       ENTERPRISES, INC.
21
22
23
24
25
26
27
28

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

W. GARY KURTZ, CSB # 57546
LAW OFFICES OF W. GARY KURTZ
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 449-8765 Fax: (805) 435-2548
Email: wgarykurtz@earthlink.net

Attorneys for Plaintiff Joseph W. Valenziano

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California,
County of Los Angeles

OCT 27 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
ROGENA LOPEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JOSEPH W. VALENZIANO, an individual, | Case No. **BC448281** |
| Plaintiff, | Unlimited Jurisdiction |
| v. | COMPLAINT FOR (1) BREACH OF CONTRACT; (2) BREACH OF FIDUCIARY DUTY; (3) ACCOUNTING; (4) UNFAIR BUSINESS PRATICES; (5) UNJUST ENRICHMENT; (6) MONEY HAD AND RECEIVED; (7) WORK, LABOR AND SERVICES; AND (8) QUANTUM MERUIT |
| THE ORCHARD ENTERPRISES, INC., a Delaware corporation; and DOES 1 through 25, inclusive, | |
| Defendants. | |

Plaintiff Joseph W. Valenziano alleges:

**NATURE OF ACTION**

1.     Plaintiff Joseph W. Valenziano ("Plaintiff" or "Valenziano"), a consultant specializing in the commercial exploitation of sound and/or video recording catalogues, entered into a certain Independent Contractor Agreement ("Agreement") with Digital Musicworks International, Inc.("DMI"), the predecessor in interest to defendant The Orchard Enterprises, Inc., pursuant to which

1

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR
BUSINESS PRACTICES; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; ETC.

EXHIBIT A

1  Plaintiff was to provide services to DMI regarding the acquisition of musical content, specifically, the

2  digital licensing of rights to musical and/or video master recordings.  Plaintiff fully performed services

3  under the Agreement in that he caused at least three catalogues to be licensed to DMI.  The Orchard

4  Enterprises, Inc., as successor in interest to DMI, has breached the Agreement in that it refuses to pay

5  Plaintiff's agreed upon commission with respect to audio and/or video recordings acquired by

6  Valenziano, to wit, an amount equal to ten (10) percent of said defendant's net revenue derived from

7  the sale of each musical recording downloaded to an Internet purchaser.  Accordingly, Plaintiff has

8  suffered damages in an exact amount unknown but believed to be in excess of $100,000.00.

9                                               **THE PARTIES**

10      2.      Plaintiff Joseph W. Valenziano, also known as Bill Valenziano, is an individual who at

11  all material times was and is residing in and doing business in California.

12      3.      Plaintiff is informed and believes and based thereon alleges that defendant The Orchard

13  Enterprises, Inc., doing business as The Orchard, is a Delaware corporation that is the successor in

14  interest to DMI.  Plaintiff is further informed and believes and based thereon alleges that at the time of

15  the execution of the Agreement, DMI (a) was a corporation formed under the laws of the State of

16  California; (b) conducted business in California; and (c) maintained its corporate headquarters in

17  California. Plaintiff is informed and believes and based thereon alleges that DMI subsequently merged

18  with Digital Music Group, Inc. ("DMGI"), a Delaware corporation.  In said merger, DMGI was the

19  surviving corporation.  DMGI subsequently changed its name to The Orchard Enterprises, Inc.  ("The

20  Orchard" or "Defendant").

21      4.      Plaintiff is informed and believes and based thereon alleges that each of the defendants

22  named herein as DOES 1 through 25 was acting as the agent of the remaining defendants in

23  performing the wrongful acts herein alleged.  Plaintiff is further informed and believes and based

24  thereon alleges, that defendants, and each of them, engaged in a conspiracy with each other to cause

25  Plaintiff to sustain the injuries herein alleged.

26      5.      Plaintiff is informed and believes and based thereon alleges that defendants DOES 1

27  through 25, inclusive, in performing the acts set forth below, were acting under the direct authority and

28                                                   2

_COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR
BUSINESS PRACTICES; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; ETC._

EXHIBIT A

direction of The Orchard and within the scope of their employment.  Alternatively, Plaintiff alleges that The Orchard ratified the conduct of DOES 1 through 25 inclusive.

VENUE

6.     On or about April 20, 2004, Plaintiff and DMI entered into the Agreement, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference. Plaintiff alleges that a substantial portion of his performance of the obligations arising under the Agreement occurred in Los Angeles County, California at the offices of certain of the owners of the audio and/or video recordings that Plaintiff was attempting to acquire pursuant to the Agreement.

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.     Pursuant to Paragraphs 1 of the Agreement, Plaintiff was to provide DMI with the following services:  "[a]cquisition of musical content, specifically, the digital licensing rights to musical and/or video compositions (hereinafter 'Licensed Master' or 'Licensed Masters')."  The term of the Agreement was forty-two months commencing on April 20, 2004.

8.     Paragraph 5 of the Agreement provides, in part:

"DMI shall pay Consultant a commission equal to ten (10) percent of DMI's Net Income derived from the sale of each musical composition downloaded for which DMI is paid and which is acquired by Consultant under this Agreement for so long as this Agreement is in full force and effect. 'DMI's Net Income' shall mean gross dollars actually received by DMI each and every time a said Licensed Master(s) is/are downloaded, less certain basic expenses, if any, including but not limited to, license fees, Bandwidth fees, transaction processing fees, such as credit card transaction processing fees' sales tax; returns and credits; mechanical royalties; public performance fees; union guild or other third party fees that may be required by contract of (sic) Copyright Act; and internet advertising and promotion costs; Payment to Consultant under this paragraph shall be paid quarterly, within 31 days from the end of each calendar quarter."

3

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR
BUSINESS PRACTICES; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; ETC.

EXHIBIT A

9.     In accordance with the Agreement, Plaintiff introduced DMI to the owners of three music catalogues, to wit, Carinco AG, a German business entity, Fuel 2000 Records, Inc., a California corporation, and Visual Musical Entertainment, a business entity.  As a direct and proximate result of said introductions and Plaintiff's instrumental participation in the negotiations between DMI and said entities, DMI entered into agreements with each of said entities that granted DMI the exclusive licenses for the digital downloading of the audio and/or video recordings contained in their respective catalogues.  Plaintiff is informed and believes that DMI subsequently rescinded its agreement with Visual Musical Entertainment.

10.     Plaintiff is informed and believes and based thereon alleges that all or portions of (a) Corinco's catalogue became available for digital downloading in or about February 2005; and (b) Fuel 2000 Records, Inc.'s catalogue became available for digital downloading in or about July 2006. Consequently, the first quarterly commission payments to Plaintiff of ten (10) percent of the Net Income should have commenced within 31 days following each calendar quarter in which a digital download distribution occurred with respect to the recordings embodied in the respective catalogues.

11.     Notwithstanding the foregoing, DMI and Plaintiff orally agreed to modify the Agreement to provide that the payments need not commence until after the merger of DMGI with The Orchard Entertainment NY, Inc on or about November 13, 2007, albeit the amount due would be retroactive to the first day that a digital download of an audio and/or video recording from each of the respective catalogues occurred.  Based on said modification of the Agreement, The Orchard was obligated to make payment to Plaintiff by not later than January 31, 2008 for digital downloads that occurred during the term of the Agreement (*i.e.*, those downloads occurring prior to October 20, 2007).

12.     Plaintiff has demanded that The Orchard make the payments to him that is required by the Agreement, as specified hereinabove, but The Orchard has failed and refused to comply.

13.     Plaintiff has fully performed all his obligations arising under the Agreement.

//

//

4

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR BUSINESS PRACTICES; UNJUST ENRICHMENT: MONEY HAD AND RECEIVED; ETC.

EXHIBIT A

### FIRST CAUSE OF ACTION

### FOR BREACH OF CONTRACT

### (Against all Defendants)

14.     Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13 of this Complaint.

15.     Plaintiff is informed and believes and thereon alleges that The Orchard has breached its obligations arising under the Agreement to pay Plaintiff ten (10) percent of the net income derived from the sales by means of digital downloading of the audio and/or video recordings contained in each of the catalogues.

16.     As a direct and proximate result of defendants' breach of the Agreement, Plaintiff has been damaged in an exact amount unknown but believed to be in excess of $100,000.00.

### SECOND CAUSE OF ACTION

### FOR BREACH OF FIDUCIARY DUTY

### (Against all Defendants)

17.     Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13 and 15 through 16 of this Complaint.

18.     By agreeing to pay Plaintiff a percentage of the net income derived from digital downloads of musical recordings from the catalogues, DMI and The Orchard as its successor in interest, owed a fiduciary duty to Plaintiff to keep complete and accurate records of the sales of said recordings and to promptly pay Plaintiff as required by the Agreement, as amended.   Plaintiff is informed and believes and based thereon alleges that notwithstanding said duty, The Orchard knowingly and intentionally breached its obligations by failing and refusing to either account or make payment to Plaintiff of the amounts owed.

19.     As a direct and proximate result of the breach of fiduciary duty by defendants, and each of them, Plaintiff has been damaged in an exact amount unknown but believed to be in excess of $100,000.00.

5

EXHIBIT A

20.   By virtue of their conduct as hereinabove alleged, Defendants and each of them are guilty of oppression, malice and fraud.   Accordingly, Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter future misconduct and to punish Defendants.

## THIRD CAUSE OF ACTION

### FOR ACCOUNTING

#### (Against all Defendants)

21.   Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13, 15 through 16 and 18 of this Complaint.

22.   As a result of the aforementioned, The Orchard has received money, a portion of which is due to Plaintiff from The Orchard, as previously alleged.

23.   The amount of money due from The Orchard to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.  Plaintiff is informed and believes and thereon alleges that the amount due to Plaintiff exceeds $100,000.00.

24.   Plaintiff has demanded an accounting of the aforementioned transactions from The Orchard and payment of the amount found due but defendant has failed and refused, and continues to fail and refuse, to render such an accounting and to pay such sum.

## FOURTH CAUSE OF ACTION

### FOR UNFAIR BUSINESS PRACTICES

#### (Against all Defendants)

25.   Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13, 15 through 16, 18 and 23 through 24 of this Complaint.

26.   Due to The Orchards fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant has violated California Business and Professions Code section 17200 et

6

EXHIBIT A

seq. by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of money due to him pursuant to the terms of the Agreement.

27.    By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum, which is unascertained but believed to be in an amount in excess of $100,000.

## FIFTH CAUSE OF ACTION

## FOR UNJUST ENRICHMENT

### (Against all Defendants)

28.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13, 15 through 16, 18 and 23 through 24 of this Complaint.

29.    As a result of the conduct described above, The Orchard has been and will be unjustly enriched at the expense of Plaintiff.  Specifically, Defendant's unfair and illegal actions as described above have enabled Defendant to sell audio and/or video recordings without paying Plaintiff his portion of the Net Income derived by The Orchard from said sales, the exact amount of which is unknown to Plaintiff but believed to exceed $100,000.00.

30.    Defendant should be required to disgorge this unjust enrichment.

## SIXTH CAUSE OF ACTION

## FOR MONEY HAD AND RECEIVED

### (Against all Defendants)

31.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13, 15 through 16, 18 and 23 through 24 of this Complaint.

32.    Within the past four years, at Los Angeles, California, The Orchard became indebted to Plaintiff in an exact sum unknown but believed to exceed $100,000.00 for money had and received by The Orchard for the use and benefit of Plaintiff.

7

---

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR BUSINESS PRACTICES; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; ETC.

EXHIBIT A

33.    Neither the whole nor part of the money owed has been paid although demand therefore has been made and there is now due, owing and unpaid the sum of at least $100,000.00 with interest thereon at the rate of 10 percent per annum from the date of the breach of contract.

**SEVENTH CAUSE OF ACTION**

**FOR WORK, LABOR AND SERVICES**

**(Against all Defendants)**

34.   Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13, 15 through 16, 18 and 23 through 24 of this Complaint.

35.   Within the last four years, at Los Angeles, California, The Orchard became indebted to Plaintiff in an exact sum unknown to Plaintiff but believed to be in excess of $100,000.00 for work, labor and services rendered by Plaintiff at the special request of Defendant.

36.   Neither the whole nor part of the money owed has been paid although demand therefore has been made and there is now due, owing and unpaid the sum of at least $100,000.00 with interest thereon at the rate of 10 percent per annum from the date of the breach of The Orchards obligation to pay.

**EIGHTH CAUSE OF ACTION**

**FOR QUANTUM MERUIT**

**(Against all Defendants)**

36.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13, 15 through 16, 18 and 23 through 24 of this Complaint.

31.    Within the last four years, at Los Angeles, California, The Orchard became indebted to Plaintiff in an exact sum unknown to Plaintiff but believed to be in excess of $100,000.00 for work, labor and services rendered by Plaintiff at the special request of The Orchards' predecessor in interest for which The Orchard's predecessor promised to pay Plaintiff the reasonable value of such services..

8

EXHIBIT A

32.     At all times herein mentioned, the above services were and are of the reasonable value of at least $100,000.00.

33.     Neither the whole nor part of the money owed has been paid although demand therefore has been made and there is now due, owing and unpaid the sum of at least $100,000.00 with interest thereon at the rate of 10 percent per annum from the date of the breach of The Orchards obligation to pay.

**WHEREFORE,** Plaintiff prays judgment against defendants and each of them, as follows:

1.     On the First Cause of Action:

    A.     For consequential damages in an amount of not less than $100,000.00;

    B.     Interest at the rate of 10% per annum on the principal sum due from the date of the breach, to wit, February 1, 2008;

2.     On the Second Cause of Action:

    A.     For consequential damages in an amount of not less than $100,000.00;

    B.     Interest at the rate of 10% per annum on the principal sum due from the date of the breach, to wit, February 1, 2008;

    C.     Punitive damages in an amount sufficient to deter future misconduct and punish defendants;

3.     On the Third Cause of Action:

    A.     For an accounting between Plaintiff and The Orchard;

    B.     For the amount found to be due from The Orchard to Plaintiff as a result of the accounting and interest on that amount at the rate of 10% per annum from and after February 1, 2008;

4.     On the Fourth Cause of Action:

    A.     For consequential damages in an amount of not less than $100,000.00;

    B.     For interest at the rate of 10% per annum on the principal sum due from February 1, 2008;

9

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR
BUSINESS PRACTICES; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; ETC.

EXHIBIT A

C.   For punitive damages in an amount sufficient to deter future misconduct and punish defendants;

5.   On the Fifth Cause of Action:

   A.   That Defendants, and each of them, be compelled to disgorge their unjust enrichment in an amount of not less than $100,000.00;

   B.   For interest at the rate of 10% per annum on the principal sum due from February 1, 2008;

6.   On the Sixth Cause of Action:

   A.   For the sum of not less than $100,000.00;

   B.   For interest at the rate of 10% per annum on the principal sum due from February 1, 2008;

7.   On the Seventh Cause of Action:

   A.    For the sum of not less than $100,000.00;

   B.   For interest at the rate of 10% per annum on the principal sum due from February 1, 2008;

8.   On the Eighth Cause of Action:

   A.   For the sum of not less than $100,000.00;

   B.   For interest at the rate of 10% per annum on the principal sum due from February 1, 2008;

9.   On all Causes of Action:

   A.    For costs of suit;

//
//
//
//
//

10

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR
BUSINESS PRACTICES; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; ETC.

EXHIBIT A

B.    Such other and further relief as the court deems proper.

Respectfully submitted,

Date:   October 26, 2010

LAW OFFICES OF W. GARY KURTZ

By: _____
W. Gary Kurtz
Attorneys for Joseph W. Valenziano

11

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; ACCOUNTING; UNFAIR
BUSINESS PRACTICES; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; ETC.

EXHIBIT A

# EXHIBIT

# 1

EXHIBIT A

## INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (hereinafter referred to as the "Agreement") is made and effective this 20th April, 20 04 , by and between BILL VALENZIANO (hereinafter referred to as the "Consultant") and DIGITAL MUSICWORKS INTERNATIONAL, Inc. (hereinafter referred to as the "DMI").

Now, therefore, Consultant and DMI agree as follows:

### 1. Engagement.
DMI hereby engages Consultant, and Consultant accepts engagement, to provide to DMI the following services:
Acquisition of musical content, specifically, the digital licensing rights to musical and /or video compositions (hereinafter, "Licensed Master" or "Licensed Masters").

### 2. Term.
Consultant shall provide services to DMI pursuant to this Agreement for a term of forty-two (42) months commencing on 20th April, 2004.

### 3. Place of Work.
Consultant shall render services primarily at Consultant's offices, but will, upon request, provide the services at DMI offices or such other places as reasonably requested by DMI as appropriate for the performance of particular services.

### 4. Time.
Consultant's daily schedule and hours worked under this Agreement on a given day shall generally be subject to Consultant's discretion. It us mutually understood that DMI relies upon Consultant to devote sufficient time as is reasonably necessary to fulfill the spirit and purpose of this Agreement.

### 5. Payment.
DMI shall pay Consultant a commission equal to ten (10) percent of DMI's Net Income derived from the sale of each musical composition downloaded for which DMI is paid and which is acquired by Consultant under this Agreement for so long as this Agreement is in full force and effect. For purposes of this Agreement, "DMI's Net Income" shall mean gross dollars actually received by DMI each and every time a said Licensed Master(s) is/are downloaded, less certain basic expenses, if any, including but not limited to, license fees, Bandwidth fees, transaction processing fees, such as credit card transaction fees; sales tax; returns and credits; mechanical royalties; public performance fees; union guild or other third party fees that may be required by contract of Copyright Act; and Internet advertising and promotion costs; Payment to Consultant under this paragraph shall be paid quarterly, within 31 days from the end of each calendar quarter.

EXHIBIT A

**6. Covenant Not to Compete.**

    a.  During the term of this Agreement and for a period of one (1) year thereafter,Consultant shall not, directly or indirectly, either for his own account, or as a partner, shareholder, officer, director, employee, agent or otherwise; own, manage, operate, control, be employed by, participate in, consult with, perform services for, or otherwise be connected with any business the same as or similar to the business conducted by DMI.  In the event any of the provisions of this Section 6 are determined to be invalid by reason of their scope or duration, this Section 6 shall be deemed modified to the extent required to cure the invalidity.  In the event of a breach, or a threatened breach, of this Section 6, DMI shall be entitled to obtain an injunction restraining the commitments or continuance of the breach, as well as any other legal or equitable remedies permitted by law. All customer lists, lists of Licensed Masters, employee list and DMI business plan and model (hereinafter, "Proprietary Information") are the sole and exclusive property and trade secrets of DMI and deemed confidential. In no event shall Consultant share, advise, disseminate or otherwise transmit or communicate said Proprietary Information with or to any third party.

**7. Termination.**

    a.  DMI may terminate this Agreement as follows:

        I.      Illness, disability, incapacity or death of Consultant.

        II.     Breach or default of any obligation of Consultant pursuant to Section 6, Covenant Not to Compete, or Section 7, Confidentiality, of this Agreement.

        III.    Breach or default by Consultant of any other material obligation in this Agreement, which breach or default is not cured within five (5) days of written notice from DMI.

        IV.    Upon thirty (30) days written notice to Consultant.

    b.  Consultant may terminate this agreement as follows:

        I.      Breach or default of any material obligation of DMI, which breach or default is not cured within five (5) days of written notice from Consultant;

        II.     If DMI files for protection under the federal bankruptcy laws, or any bankruptcy petition or petition for receiver is commenced by a third party against DMI, any of the foregoing which remains undissmissed for a period pf sixty days.

EXHIBIT A

III.      Upon thirty (30) days written notice to DMI.

**8. Independent Contractor.**
Consultant is and throughout this Agreement shall be an independent contractor and not an employee, agent or partner of DMI.  Consultant shall not be entitled to nor receive any benefit normally provided to DMI's employees such as, but not limited to, vacation payment, retirement, health care or sick pay.  DMI shall not be responsible for withholding income or other taxes from the payments made to Consultant.  Consultant shall be solely responsible for filing all returns and paying any income, social security or other tax levied upon or determined with respect to the payments made to Consultant pursuant to this Agreement.

**9. Expenses.**
Consultant shall bear all of Consultant's expenses incurred in the performance of this Agreement, including but not limited to, paying for and maintaining any computer equipment, software, paper, tools or supplies. Consultant shall bear all of Consultant's travel and entertainment expenses, except those expenses which are reasonably related to the services provided by Consultant under this Agreement and which are approved in advance in writing.

**10. Controlling Law.**
This Agreement shall be governed by and construed in accordance with the laws of the State of California.

**11. Headings.**
The headings in this Agreement are inserted for convenience only and shall not be used to define, limit or describe the scope of this Agreement or any of the obligations herein.

**12. Final Agreement.**
This Agreement constitutes the final understanding and agreement between the parties with respect to the subject matter hereof and supersedes all prior negotiations, understandings and agreements between the parties, whether written or oral.  This Agreement may be amended, supplemented or changed only by an agreement in writing signed by both of the parties.

**13. Notices.**
Any notice required to be given or otherwise given pursuant to this Agreement shall be in writing and shall be hand delivered, mailed by certified mail, return receipt requested or sent by recognized overnight courier service as follows:

    If to Consultant:

Bill Valenziano, 7635 El Camino Real, Atascadero, CA 93422.

EXHIBIT A

If to DMI:

Digital Musicworks International, 10519 E. Stockton Blvd., Elk Grove, California, 95624.

**14.  Severability.**
If any term of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, then this Agreement, including all of the remaining terms, will remain in full force and effect as if such invalid or unenforceable term had never been included.

**IN WITNESS WHEREOF**, this Agreement has been executed by the parties as of the date first above written.

_____
PETER KOULOURIS, Executive Vice President
For Digital Musicworks International, Inc.

_____
BILL VALENZIANO
Consultant

EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE ORCHARD ENTERPRISES, INC., a Delaware corporation; and
DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH W. VALENZIANO, an individual



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California

OCT 27 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of the State of California, County of Los Angeles<br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso)*<br>**BC448281** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

W. Gary Kurtz, Esq. 2625 Townsgate Road, Ste. 330, Westlake Village, CA 91361 (805) 449-8765

| DATE: OCT 27 2010<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | RUGENA LOPEZ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): *The ORCHARD Enterprises, INC., A Delaw* [SEAL]
3. ☑ on behalf of (specify): *Corporation*

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☑ by personal delivery on (date): 11/22/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 9754 JFW (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge


---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** <br> 312 N. Spring St., Rm. G-8 <br> Los Angeles, CA 90012 | [ ] **Southern Division** <br> 411 West Fourth St., Rm. 1-053 <br> Santa Ana, CA 92701-4516 | [ ] **Eastern Division** <br> 3470 Twelfth St., Rm. 134 <br> Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOSEPH W. VALENZIANO | THE ORCHARD ENTERPRISES, INC.; and DOES 1 through 25, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LAW OFFICES OF W. GARY KURTZ<br>2625 Townsgate Road, Suite 330, Westlake Village, CA 91361<br>(805) 449-8765 | Jonathan D. Freund (SBN 157357)<br>FREUND & BRACKEY LLP<br>427 N. Camden Drive, Beverly Hills, CA 90210<br>(310) 247-2165 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1441 Diversity Jurisdiction

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV10 9754

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

FAXED

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York, NY |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Ca | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 12/17/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |