FREUND & BRACKEY LLP
Jonathan D. Freund (SBN 157357)
jfreund@freundandbrackey.com
Craig A. Huber (SBN 159763)
cahuber@freundandbrackey.com
427 North Camden Drive
Beverly Hills, CA 90210
Tel: 310-247-2165
Fax: 310-247-2190

Attorneys for Defendant,
THE ORCHARD ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSEPH W. VALENZIANO, an individual,

Plaintiff,

v.

THE ORCHARD ENTERPRISES, INC., a Delaware Corporation, and DOES 1 through 25, inclusive,

Defendants.

Case No. CV 10-09754 JFW (PLA)

[*Assigned to the Honorable John F. Walter*]

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Date: January 24, 2011
Time: 1:30 pm

///

///

///

**NOTICE**

PLEASE TAKE NOTICE THAT on January 24, 2011, at 1:30 p.m. in Courtroom 16 of the above-titled court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant The Orchard Enterprises, Inc. ("The Orchard"), will and hereby does move the Court above for an order dismissing the action pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made on the ground that plaintiff has failed to state a cause of action on the any of the claims advanced in the Complaint.

The Motion will be based upon this Notice, the attached Memorandum of Points and Authorities and the records and files in this action.

This Motion is made following a conference of counsel pursuant to L.R. 7-3, which took place on December 13, 2010.

DATED: December 21, 2010

FREUND & BRACKEY LLP

By: /Craig A. Huber/
Jonathan D. Freund,
Craig A. Huber

Attorneys for Defendant,
THE ORCHARD ENTERPRISES, INC.

**TABLE OF CONTENTS**

**I. INTRODUCTION**……………………………………………………………......3

**II. LEGAL ANALYSIS**…………………………………………………………4

**A. Standard for Motion to Dismiss**………………………………………4

**B. Plaintiff Has Failed to State a Cause of Action for Breach of Contract Because the The Orchard is Not a Party to the Contract Alleged And The Complaint Was Not Filed Within Four (4) Years of the Alleged Breach**…………………………………………………………..5

**1. The Orchard is not a party to the agreement sued upon**…………5

**2. Even if a successor theory has been stated, Plaintiff failed to bring his claim with the statute of limitations**…………………………........7

**3. Plaintiff's claim that an oral modification occurred is at odds with the written instrument and a claim based on the oral modification would also be untimely**……….…………………………………..7

**C. Plaintiff's Second Count for Breach of Fiduciary Duty Fails to State a Cause of Action Because No Fiduciary Duty Exists on the Facts Alleged**……………………………………………………….…………9

**D. Plaintiff's Third Claim Fails Because a Demand for Accounting is Not a Proper Cause of Action And Is Likewise Untimely**……………………..10

**E. Plaintiff's Fourth Claim for Unfair Business Practices Does Not State a Cause of Action Because it Fails to Allege Conduct That is Wrongful Beyond the Claimed Breach of Contract**…………………………....…11

**F. California Does Not Recognize a Cause of Action for Unjust Enrichment and Thus Plaintiff's Fifth Claim Fails**……………………………....…12

**G. Plaintiff's Sixth And Seventh Claims Were Not Filed Within the Applicable Statute of Limitations And Cannot Stand Alone as a Cause of Action**………………………………………………………………12

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

H. **Plaintiff's Claim for Quantum Meruit Fails to State a Cause of Action Because No Such Claim Exists Where There is a Written Agreement on the Same Subject And The Claim Is, In Any Event, Time-Barred**.....13

III. **CONCLUSION**.....14

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

ii

NOTICE OF MOTION AND MOTION

## TABLE OF AUTHORITIES

**FEDERAL RULES**

Fed. R. Civ. P. 8(a)(2)……………………………………………………………..…..4

**U.S. SUPREME COURT CASES**

*Ashcroft v. Iqbal*, U.S. , 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)……………….4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………..………4

**NINTH CIRCUIT CASES**

*DeSoto Yellow Freight Sys.*, 957 F.2d 655 (9th Cir. 1992)…………………………………5

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542 (9th Cir. 1990)…...4

*Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001)……………………………………………4

*Paracor Fin. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151 (9th Cir. 1996)……………....…13

*Total Coverage, Inc. v. Cendant Settlement Servs. Group, Inc.*, 252 Fed. Appx. 123 (9th Cir. 2007)…....13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986)………..5

*Sutter Home Winery v. Vintage Selections,* 971 F.2d 401 (9th Cir. 1992)………………..13

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002)…………………4

**OTHER CIRCUIT CASES**

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)……………………………………………..…5

**U.S. DISTRICT COURT CASES**

*Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177 (N.D. Cal. 2009)……....6

*Pajarillo v. Bank of Am.*, 2010 U.S. Dist. LEXIS 115227 (S.D. Cal. Oct. 28, 2010)…………………………………………………………………………………….…6

///

///

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200 *et seq*..…………………………………………...…11, 12

Cal. Civ. Code § 1624……………………………………………………………………8

Cal. Civ. Code § 1698…………………………………………………………………8, 9

Cal. Code Civ. Proc. § 337………………………………………………………………7

Cal. Code Civ. Proc. § 339…………………………………………………9, 12, 14

**CALIFORNIA SUPREME COURT CASES**

*Norgart v. Upjohn Co.*, 21 Cal. 4th 383 (1999)……………………………………………7

*Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822 (1968)………………………………5–6

**CALIFORNIA COURT OF APPEALS CASES**

*Batt v. City & County of S.F.*, 155 Cal. App. 4th 65 (2007)…………………………10

*Beggerly v. Gbur,* 112 Cal. App. 3d 180 (1980)…………………………………………8

*Berryman v. Merit Prop. Mgmt, Inc.*, 152 Cal. App. 4th 1544 (2007)………………9–10

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.,* 94 Cal. App. 4th 151 (2001)……..13

*Cmty. Assisting Recovery v. Aegis Sec. Ins. Co.*, 92 Cal. App. 4th 886 (2001)…………...11

*Downey v. Humphreys*, 102 Cal. App. 2d 323 (1951)……………………………………10

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.,* 41 Cal. App. 4th 1410 (1996)…13

*Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990 (1999)……..…12, 14

*Jogani v. Sup. Ct.*, 165 Cal. App. 4th 901 (2008)………………………………………12

*Kasky v. Nike, Inc.*, 27 Cal. 4th 939 (2002)…………………………………………..…11

*Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612 (1993)…………………………………...11

*Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115 (2007)……………11

*Maglica v. Maglica*, 66 Cal. App. 4th 442 (1998)…………………………………...…14

*McBride v. Boughton*, 123 Cal. App. 4th 379 (2004)……………………………………..13

*Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779 (2003)………………………..11

*New v. New,* 148 Cal. App. 2d 372 (1957)…………………………………………………...10

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

**CALIFORNIA COURT OF APPEALS CASES cont'd**

*Pierce v. Lyman,* 1 Cal. App. 4th 1093 (1991)……………………………………………..9

*Teselle v. McLoughlin*, 173 Cal. App. 4th 156 (2009)………………………………….11

*Wiltsee v. Cal. Employment Comm'n,* 69 Cal. App. 2d 120 (1945)……………………......10

*Wolf v. Sup. Ct.*, 107 Cal. App. 4th 25 (2003)…………………………………………10

**LEGAL TREATISES**

1A C.J.S. ACCOUNTING § 6 (2009)…………………………………………………10–11

2 JEFFERSON § 32.5………………………………………………………………………8–9

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

v

NOTICE OF MOTION AND MOTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This claim apparently arises out of an agreement between individual plaintiff, Joseph W. Valenziano ("Valenziano") and non-party, Digital Musicworks International, Inc. ("DMI") under which the latter agreed, in writing, to compensate plaintiff for his consulting work relating to the acquisition of musical content. Plaintiff attaches the Independent Contractor Agreement ("I.C. Agreement") to his Complaint but rather than suing DMI, he has instead brought this action against The Orchard, which is a complete stranger to that agreement. According to plaintiff, The Orchard is a successor-in-interest to this contractual obligation having "merged" with DMI sometime in 2007.

The Complaint fails to state a valid cause of action against The Orchard, however, on any of the theories advanced. Firstly, the Breach of Contract claim fails because The Orchard is not a party to the written I.C. Agreement and plaintiff's decidedly basic conclusion The Orchard "is the successor in interest to DMI" is insufficient as a matter of law to impose liability on The Orchard. Moreover, the claim is untimely on its face in that it was not brought within four years of the alleged breach. And, while plaintiff claims an oral modification of the fully integrated I.C. Agreement, which expressly provides it may only be modified in writing, occurred such that the payment obligation did not arise until January 31, 2008, such an oral agreement is likewise untimely.

Secondly, the breach of fiduciary duty claim is not only untimely but it fails to state sufficient facts to demonstrate the existence of a fiduciary relationship between plaintiff and The Orchard. Thirdly, the unfair business practices claim is also untimely and fails to allege conduct that states a claim for an unfair business practice under any of the required statutory bases for such a claim. There are no facts showing an adverse effect on competition, a separate civil or criminal violation, or even conduct that somehow misled consumers.

The unjust enrichment and quantum meruit claims are barred both because they are untimely and because in California these claims in equity cannot coexist where the same

conduct giving rise to the claims is also the subject of an express agreement. That is the case here with the I.C. Agreement. Finally, the common counts and demand for accounting cannot stand on their own and must be predicated on a valid cause of action; yet none have been stated here.

As shown below, plaintiff's Complaint is utterly without merit and appears to be nothing more than an attempt to belatedly ascribe liability to a complete stranger to the agreement(s) at issue when quite clearly none exists. For these reasons, this Court should grant The Orchard's Motion to Dismiss in its entirety without leave to amend, as no claims have—or can—be stated against The Orchard.

## II. LEGAL ANALYSIS

### A. Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) tests the legal sufficiency of a claim. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of 12(b) motions is on the legal sufficiency of a claim, rather than its substantive merits, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002). For purposes of a 12(b)(6) motion, documents attached to the Complaint as exhibits are considered part of the Complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 (9th Cir. 1990).

The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, U.S. , 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–8 (2d Cir. 2007)). The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.

When the complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend is properly denied "where the amendment would be futile." *DeSoto Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B. Plaintiff Has Failed to State a Cause of Action for Breach of Contract Because the The Orchard is Not a Party to the Contract Alleged And The Complaint Was Not Filed Within Four (4) Years of the Alleged Breach.**

Plaintiff's first claim should be dismissed because The Orchard is not a party to the I.C. Agreement sued upon and the claim for breach was not, in any event, brought within the statute of limitations. Moreover, even assuming an oral modification occurred the claim is still untimely.

**1. The Orchard is not a party to the agreement sued upon.**

Plaintiff's claim for breach of contract against The Orchard should be dismissed for the very simple reason The Orchard is not a party to any of the agreements alleged in the Complaint. It is black letter law that a claim for breach of contract requires that there be a contract between the parties. *See Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830

(1968). The I.C. Agreement, which is attached to the Complaint, is quite clearly "*by and between Bill Valenziano and MusicWorks International, Inc.*" (Exhibit 1 to Compl.) (emphasis added.). No mention of The Orchard is made in that document.

Likewise, while plaintiff alleges that the fully integrated agreement—expressly modifiable only "in writing signed by both of the parties"—was orally modified to change the terms of the payments (Compl. ¶ 11), even that alleged oral modification has nothing whatsoever to do with The Orchard. Instead, plaintiff apparently intends to advance some sort of successor-in-interest theory on these agreements to impose liability on a complete stranger to the agreements. Of course, a mere allegation that The Orchard is a successor-in-interest to DMI is patently insufficient.

In *Pajarillo v. Bank of America*, 2010 U.S. Dist. LEXIS 115227 at *7-8 (S.D. Cal. Oct. 28, 2010), Bank of America was sued by a borrower in connection with a loan which originated with Countrywide Bank. Band of America brought a motion to dismiss arguing no specific allegations had been made against it in the Complaint, but rather, plaintiffs "direct their allegations of wrongful conduct at [Bank of America's] predecessor-in-interest, Countrywide Bank, N.A." *Id.*

In opposition the plaintiffs argued "[i]n its acquisition of Countrywide, Bank of America acquired *both* the assets *and* liabilities of this lender . . . . Bank of America is properly sued for matters regarding a loan, which originated with Countrywide but is currently serviced by, and threatened to be foreclosed upon, by Bank of America." *Id.* The trial court dismissed the claim against Bank of America finding that "in the Complaint itself, Plaintiffs merely state that Defendant Bank of America is sued as successor-in-interest to Countrywide Bank.'" *Id.* According to the District Court, "[s]uch an allegation is insufficient to impose liability upon Bank of America through either a veil piercing or successor liability theory." *Id.* (citing *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009)).

At bar, the only allegation concerning The Orchard's connection with the agreement(s) at issue occurs in the first paragraph of the Complaint where plaintiff alleges

he "entered into a certain I.C. Agreement with Digital Musicworks International, Inc., the predecessor in interest to defendant The Orchard Enterprises, Inc . . . ." (Compl. at ¶ 1). As in the *Bank of America* case, such an allegation is insufficient to impose liability upon The Orchard through either a veil piercing or successor liability theory.

**2. Even if a successor theory has been stated, Plaintiff failed to bring his claim with the statute of limitations.**

In California, an action on "any contract, obligation or liability founded upon an instrument in writing" must be commenced within four years after accrual of the cause of action. Cal. Code Civ. Proc. § 337. A cause of action "accrues" when, under the substantive law, the wrongful act is done or the wrongful result occurs, and the consequent liability arises. *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).

Here, plaintiff alleges, "commission payments to [it] of ten (10) percent of the Net Income should have commenced within 31 days following each calendar quarter in which a digital download distribution occurred . . . ." (Comp. at ¶ 10). On the Corinco catalogue, digital downloading under the agreement was available "in or about February 2005." (*Id.*). On the Fuel catalogue, digital downloading under the agreement was available "in or about July 2006." (*Id.*). Thus, according to plaintiff, "payments to Plaintiff of ten (10) percent of the Net Income should have commenced within 31 days following each calendar quarter in which a digital download distribution occurred . . . ." (*Id.*).

Consequently, the claims for failure to pay the commissions under the written should have been brought by April of 2010 for the first catalogue and July of 2010 for the second catalogue—yet the Complaint was not filed until October 27, 2010—more than four years after the claims had accrued.

**3. Plaintiff's claim that an oral modification occurred is at odds with the written instrument and a claim based on the oral modification would also be untimely.**

It is anticipated plaintiff will argue an oral modification occurred to the written agreement whereby a later time-period for payment was agreed to but such an argument is

at odds with the written agreement. Section 1698 of the California Civil Code, as amended in 1976, provides in part: "(a) A contract in writing may be modified by a contract in writing; (b) A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties; (c) Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration. The statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions . . . ."

As Jefferson paraphrases the rule: "A contract in writing may be subsequently modified by an oral agreement only if (i) *the written contract does not contain an express provision requiring that modification be in writing*; and (ii) such oral agreement has been performed by the parties, which may consist of full performance by one party only to the oral agreement, or, as an executory oral agreement, is supported by a new consideration." 2 JEFFERSON § 32.5, p. 1162 (emphasis added)

The Court of Appeal opinion in *Beggerly v. Gbur,* 112 Cal. App. 3d 180 (1980), is instructive. There, the plaintiff salesman and defendant broker entered a contract providing a 25 percent commission on sales procured by plaintiff, "*except as may otherwise be agreed in writing by Broker and Salesperson before completion of any particular transaction*." *Id*. at 189. Plaintiff sued defendant claiming he was entitled to 50 percent of a $ 120,000 commission on sale of land made by defendant to a buyer found by plaintiff. *Id.* At trial, plaintiff sought to testify that, before the $120,000 commission transaction, he and defendant made an oral agreement to modify the written broker-salesperson contract to the extent that plaintiff would work on land sales only thereafter and plaintiff and defendant would share in the commission "50/50" on any sales to a buyer found by plaintiff. *Id.*

The trial court granted defendant's motion to strike plaintiff's testimony as to the oral agreement. *Id.* The Court of Appeal affirmed finding the written agreement citing subdivision (c) of Civil Code section 1698 and further noting "the written contract expressly precluded such an oral modification of the written agreement." *Id*. The appellate

court further held the trial court could properly determine that the alleged oral modification was invalid and ineffective because it was unsupported by *new* consideration, plaintiff already having agreed to bring listings to broker. *Id.* In view of this lack of new consideration, even full performance by the promisee alone "would not suffice to render the agreement 'executed' within Civil Code section 1698." *Id.* at 190.

At bar, the I.C. Agreement expressly provides that it "may be amended, supplemented or changed only by *an agreement in writing signed by both of the parties*." (Ex. 1 to Compl. at ¶ 12) (emphasis added). Thus, Civil Code section 1698(c) and the authority interpreting that section bar any sort of claimed oral modification of the subject agreement. What is more, as in *Beggerly*, there is quite simply no consideration for a new agreement between the parties to the original deal. For these reasons, any alleged "oral modification" extending the time for commission payments is invalid.

Lastly, even if this Court were to accept that an oral modification occurred whereby "the Orchard was obligated to make payment to Plaintiff by not later than January 31, 2008," (Compl. at ¶ 11) the instant claim would still be untimely. California Code of Civil Procedure Section 339(1) provides that "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing" be brought within two years of the accrual of the cause of action. Thus, Plaintiff's claim on the alleged oral agreement, which was allegedly breached on January 31, 2008, should have been brought by January 31, 2010; yet this case was filed October 27, 2010. Any way it is viewed, plaintiff's contract claim(s) fail.

**C. <u>Plaintiff's Second Count for Breach of Fiduciary Duty Fails to State a Cause of Action Because No Fiduciary Duty Exists on the Facts Alleged.</u>**

Plaintiff's second claim for breach of fiduciary duty fails to state a cause of action because no fiduciary relationship exists between him and The Orchard. It is well settled that to plead a cause of action for breach of fiduciary duty, there must be a fiduciary relationship. *Pierce v. Lyman,* 1 Cal. App. 4th 1093, 1101 (1991). And, any allegation of a fiduciary relationship must be supported by either a contract, or a relationship that

imposes it as a matter of law. *Berryman v. Merit Prop. Mgmt, Inc.*, 152 Cal. App. 4th 1544, 1559 (2007).

As argued above, The Orchard and plaintiff have no contractual relationship at all, so they certainly could not have a fiduciary relationship predicated on a non-existent contract. All the same, even assuming plaintiff manages to convincingly show The Orchard is somehow an appropriate party to the agreement at issue, that document alone does not create a fiduciary relationship.

As observed in *Wolf v. Sup. Ct.*, 107 Cal. App. 4th 25, 31–32 (2003), "the contractual right to contingent compensation in the control of another has never, by itself, been sufficient to create a fiduciary relationship where one would not otherwise exist." *See also Downey v. Humphreys*, 102 Cal. App. 2d 323, 332 (1951) (the obligation to pay money is a debt, but "[a] debt is not a trust" and does not create a fiduciary relationship, "whether [debtor's] liability is certain or contingent"); *Wiltsee v. Cal. Employment Comm'n,* 69 Cal. App. 2d 120, 125, 128 (1945) (employment contract entitling employee to 25 percent of future profits neither created a joint venture nor gave rise to a fiduciary relationship); *New v. New,* 148 Cal. App. 2d 372, 381–382 (1957) (defendant's contractual obligation to pay former spouse a percentage of future monies received from stock holdings, if any, was no different than obligation to pay fixed monthly sum; though an implied duty of good faith and fair dealing existed in the contract, neither the contingent nature of the debt nor the debtor's exclusive control of monies received created a fiduciary relationship).

Here, nothing in any of the claimed agreements created a fiduciary relationship between plaintiff and The Orchard. For these reasons plaintiff has not stated a cause of action for breach of fiduciary duty on these facts.

**D. <u>Plaintiff's Third Claim Fails Because a Demand for Accounting is Not a Proper Cause of Action And Is Likewise Untimely.</u>**

Under California law, an accounting is generally a remedy under equity. *Batt v. City & County of S.F.*, 155 Cal. App. 4th 65, 82 (2007); 1A C.J.S. ACCOUNTING § 6

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

(2009). In rare cases, an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and that some balance is due to the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156 (2009).

Here, as shown above, there is no relationship as between plaintiff and The Orchard such that The Orchard can be said to owe anything to plaintiff and hence, even if a demand for accounting were a cause of action and not simply a remedy (which it is), no such claim has been stated here. Furthermore, as demonstrated above, whether the demand for accounting is based on the written agreement or the oral modification, it is still barred by either the four-year or two-year statute of limitations.

**E. Plaintiff's Fourth Claim for Unfair Business Practices Does Not State a Cause of Action Because it Fails to Allege Conduct That is Wrongful Beyond the Claimed Breach of Contract.**

An unfair competition cause of action pursuant to California Business and Professions Code Section 17200 *et seq.* is properly dismissed where the complaint fails to allege facts showing that a business practice is unfair, unlawful or fraudulent. *Cmty. Assisting Recovery v. Aegis Sec. Ins. Co.*, 92 Cal. App. 4th 886, 895 (2001).

A plaintiff alleging unfair business practices under the unfair competition statutes "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619 (1993). To be unfair, the plaintiff must allege the defendant's conduct "had an adverse effect on competition." *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 856 (2001). To be unlawful, the conduct must violate some other civil or criminal law, and the pleading must demonstrate how the conduct violates the specific law or law. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). To be fraudulent, the pleading must "describe a scheme to mislead customers, and allege that each misrepresentation to each customer conforms to that scheme. *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134 (2007).

Here, the Complaint is completely devoid of facts demonstrating an unfair business

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

practice of any sort on the part of The Orchard. Indeed, plaintiff fails to specify what, if any conduct amounts to "unfair, unlawful or fraudulent" business practices. Instead, the Complaint merely provides the conclusory allegation that The Orchard's "fraudulent, deceptive, unfair, and other wrongful conduct . . . has violated California Business and Professions Code section 17200, *et seq*. by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of money due to him." (Compl. at ¶ 26). The Complaint does not identify how this alleged conduct had an adverse effect on competition, how defendant's conduct violates some other civil or criminal law, or how defendant's conduct amounts to a scheme to mislead customers. These austere allegations are patently insufficient to state a cause of action for unfair business practices.

Still further, as demonstrated above, plaintiff's claims accrued more than four years before the instant complaint was filed and thus this claim is likewise time-barred. *See* Cal. Bus. & Prof. Code § 17208 (an action for unfair competition "shall be commenced within four years after the cause of action accrued.").

**F. California Does Not Recognize a Cause of Action for Unjust Enrichment and Thus Plaintiff's Fifth Claim Fails.**

In California there is no cause of action for unjust enrichment. *See Jogani v. Sup. Ct.*, 165 Cal. App. 4th 901, 911 (2008); *Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779, 793 (2003). And, as argued below, even if this claim can be considered one for quantum meruit, it would be subject to California's two-year statute of limitations for obligations not founded on a writing—and would thus be time-barred. *See* Cal. Code Civ. Proc. § 339; *Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 996 (1999).

**G. Plaintiff's Sixth And Seventh Claims Were Not Filed Within the Applicable Statute of Limitations And Cannot Stand Alone as a Cause of Action.**

In this state, a common count is not a specific cause of action, rather, it is a simplified form of pleading normally used to aver the existence of various forms of

monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory. *McBride v. Boughton*, 123 Cal. App. 4th 379, 394–39 (2004). When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable." *Id*. Thus, the count must stand or fall on the viability of plaintiffs' other claims.

Once more, each of the claims upon which the money had and received and work, labor and services claims are without merit for the reason they do not impose any duties on The Orchard or the claims are untimely. Any way it viewed, the common counts fail to state claims against The Orchard.

**H.  Plaintiff's Claim for Quantum Meruit Fails to State a Cause of Action Because No Such Claim Exists Where There is a Written Agreement on the Same Subject And The Claim Is, In Any Event, Time-Barred.**

Under California law, an action in quasi-contract does not lie "when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151, 1167 (9th Cir. 1996); *Sutter Home Winery v. Vintage Selections,* 971 F.2d 401, 408–9 (9th Cir. 1992) (denying on the pleadings defendant's quasi-contract claims because relationship between parties governed by a valid express contract); *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.,* 41 Cal. App. 4th 1410, 1419–20 (1996).

At bar, plaintiff alleges there exists a binding agreement between him and The Orchard on the subject to his compensation for services allegedly rendered as a digital music consultant. Allowing the plaintiff to recover in quasi-contract would improperly redefine the party's rights. *See Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.,* 94 Cal. App. 4th 151, 172–3 (2001); *Total Coverage, Inc. v. Cendant Settlement Servs. Group, Inc.*, 252 Fed. Appx. 123, 126 (9th Cir. 2007). Thus, no claim for quantum meruit can be stated on these facts.

Finally, even if such a claim could be made, it would still be time-barred. The statute of limitations for a quantum meruit claim is two years. Cal. Code Civ. Proc. § 339; *Iverson*, 76 Cal. App. 4th at 996; *Maglica v. Maglica*, 66 Cal. App. 4th 442, 452–3 (1998). Plaintiff is apparently unaware of this statute as he alleges: "within the last four years, at Los Angeles, California, the Orchard became indebted to Plaintiff . . . ." (Compl. at ¶ 31). Earlier, plaintiff alleges the oral modification required The Orchard "to make payment to Plaintiff by not later than January 31, 2008" but "the Orchard failed and refused to comply." (Compl. at ¶ 11-12). Consequently, plaintiff's claim for quantum meruit was to have been filed by January 31, 2010 in order to be timely; yet it was not filed until October 27, 2010—more than two years later.

## III.  CONCLUSION

For all of these reasons, this Court should grant The Orchard's Motion to Dismiss in its entirety. What is more, because the claims are either time-barred on their face, or are simply not recognized claims in this jurisdiction, leave to amend should be denied.

DATED: December 21, 2010                                   FREUND & BRACKEY LLP

By:  /Craig A. Huber/
Jonathan D. Freund,
Craig A. Huber

Attorneys for Defendant,
THE ORCHARD ENTERPRISES, INC.