1  W. GARY KURTZ, CSB # 57546
2  LAW OFFICES OF W. GARY KURTZ
   2625 Townsgate Road, Suite 330
3  Westlake Village, CA 91361
4  Tel:  (805) 449-8765 Fax: (805) 435-2548
   Email:  wgarykurtz@earthlink.net
5

6  Attorneys for Plaintiff Joseph W. Valenziano

7                  UNITED STATES DISTRICT COURT
8
9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  JOSEPH W. VALENZIANO, an          )    Case No.   CV 10-09754JFW (PLA)
    individual,                        )
12                                     )    [Assigned to the Honorable John F.
13         Plaintiff,                  )    Walter]
                                       )
14         v.                          )    PLAINTIFF       JOSEPH      W.
15                                     )    VALENZIANO'S  OPPOSITION  TO
16  THE ORCHARD ENTERPRISES,           )    MOTION      TO      DISMISS
    INC., a Delaware corporation; and  )    COMPLAINT PURSUANT TO FED.
17  DOES 1 through 25, inclusive,      )    R. CIV. P. 12(b)(6
                                       )
18         Defendants.                 )    Date: January 24, 2011
19                                     )    Time: 1:30 p.m.
20                                     )    Courtroom:  16
                                       )         312 N. Spring Street
21                                     )         Los Angeles, CA 90012
22  ────────────────────────

23

24

25  //

26  //

27  //

28  //

1

**PLAINTIFF JOSEPH W. VALENZIANO'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION..................................................................................5

II.  ARGUMENT.....................................................................................5

A.  The Orchard's Claim That It Is Not a Party to the Contract is

Baseless..........................................................................................5

B.  The Contractual Claim Has Been Brought Within the Time Period

Specified in the Applicable Statute of Limitations..........................9

C.  The Impact of the Amendment to the Contract.............................13

D.  Whether a Fiduciary Duty Exists is a Question of Fact................14

E.  Plaintiff Properly States a Cause of Action for an Accounting.....16

F.  Plaintiff has Properly Pled a Claim for Unfair Business Practices..............17

G.  A Claim for Unjust Enrichment is Not Barred.............................18

H.  The Common Counts are Not Subject to a Motion to Dismiss Since

they are Based on a Properly Pled Breach of Contract and are Subject

to the Same Tolling of the Statute of Limitations...........................18

III.  CONCLUSION..............................................................................19

2

# TABLE OF AUTHORITIES

## California Cases

*Automotriz Del Golfo De California v. Resnick,* 47 Cal. 2d 792 (1957)......................8

*Bank of America v. McLaughlin* (1957) 152 Cal.App.2d Supp. 911, 915).................11

*Brea v. McGlashan* (1934) 3 Cal. App. 2nd 454........................................16

City of Hope v. Genentech (2008) 43 Cal. 4th 375........................................ .15

*Conway v. Bughouse, Inc.* (1980) 105 Cal.App.3d 194, 199)............................11

*Current Inc. v. State Board of Equalization,* 24 Cal. App. 4th 382, (1994).................8

*Howard Jarvis Tapayers Assn. v. City of La Habra* (2001) 25 Cal 4th 809...................10

*Jogani v. Superior Court* (2008) 165 Cal. App. 4th 901.....................................16

*Kritzer v. Lancaster* (1950) 96 Cal. App. 2nd 1...........................................16

*Laird v. Capital Cities/ABC, Inc.,* 68 Cal. App. 4th 727 (1998)...........................8,9

*Pierce v. Lyman* (1991) 1 Cal. App. 4th 1093...............................................16

*Romano v. Rockwell International, Inc.,* (1996) 14 Cal.4th 479.........................11, 12

*Sonora Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523 (2000).............. ....9

St. James Church of Christ Holiness v. Superior Court (1955) 135 Cal. App. 2d 352...16

*Tesselle v. McLoughlin* (2009) 173 Cal. App. 4th 156.....................................16

*Tsemetzin v. Coast Federal Savings & Loan Assn.*

   (1997) 57 Cal.App.4th 1334, 1344) ....................................................11

## Federal Cases

*Pajarillo v. Bank of America,*

**PLAINTIFF JOSEPH W. VALENZIANO'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

2010 U.S. Dist. LEXIS 115227 (S.D. Cal. Oct. 28, 2010)..........................7, 8, 9

*Pantojo v. Countrywide Home Loans, Inc.* 640 F. Supp. 2d 1177, 1192

    (N.D. Cal 2009).........................................................................8, 9

*United States v. Healthwin-Midtown Convalescent,* 511 F. Supp. 416, 418

    (C.D. Cal.  1981) *affirmed* 685 F.2d 448 (9th Cir. 1982)..............................8

*United States v. Polizzi* (1974, 9th Cir.) 500 F.2d

856.............................................6

## State Statutes

California Business & Professions Codes section 17200, *et seq*...........................17

California Civil Code section 1698...........................................................13, 14

8 Delaware Code § 259...........................................................................6, 7

**PLAINTIFF JOSEPH W. VALENZIANO'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Joseph W. Valenziano ("Plaintiff" or "Valenziano") opposes The Orchard Enterprises, Inc.'s ("The Orchard") Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  Contrary to the assertions of The Orchard, the Complaint for (1) Breach of Contract, (2) Breach of Fiduciary Duty; (3) Accounting; (4) Unfair Business Practices; (5) Unjust Enrichment; (6) Money Had and Received; (7) Work, Labor and Services; and (8) Quantum Meruit is not time barred.  Further, contrary to the assertions of The Orchard, it is bound by and a party to the agreement in issue.  Finally, the attempt to dismiss the various common count causes of action are, at the very least, premature.[1]

## II.   ARGUMENT

### A. The Orchard's Claim That It Is Not a Party to the Contract is Baseless

The Orchard's contention that it is not a party to the contract in dispute is without merit.  Essentially, The Orchard claims that the contract was entered into between Digital Music Works International, Inc. ("DMI") and Plaintiff Joseph W. Valenziano and that The Orchard is completely unrelated to the transaction.

Defendant conveniently ignores the facts as alleged in the Complaint, to wit:  that while the contract was entered into between DMI and Valenziano, DMI subsequently

---

[1] Plaintiff does not oppose granting the Motion with respect to the Fiduciary Duty Cause of Action provided that he is given leave to amend.

"merged with Digital Music Group, Inc. ("DMGI"), a Delaware corporation. In said merger, DMGI was the surviving corporation. DMGI subsequently changed its name to The Orchard Enterprises, Inc." (Complaint, paragraph 3.) As will be discussed below, under the present circumstances, the survivor of merged corporations is responsible for all of the liabilities of the company that merged with it.

We begin with the acknowledgment that the liability arising as a result of a merger is governed by the law of the state of incorporation. *United States v. Polizzi* (1974, 9th Cir.) 500 F.2d 856, 865-70.

In the present case, a California corporation merged into a Delaware corporation and the Delaware corporation was the surviving entity. (Complaint, paragraph 3.) Thereafter the California corporation ceased to have a corporate existence. ("It is often said that the merger of a corporation into another is similar to the death of an individual, in that all current or future litigation against it is abated...". *Id.* Under such circumstance, in determining the liability of the surviving corporation, the Courts will look to the law of the state of incorporation of the survivor. Thus, for example, in *United States v. Polizzi*, the Ninth Circuit applied the law of New York in determining the liability of a surviving corporation formed in New York. *Id.*

Since Delaware is the state of incorporation for DMGI (now known as The Orchard), Delaware law applies to the issue of the liability of the surviving corporation. In this regard, section 259 of the Delaware Code provides, in part:

6

"(a) When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, shall cease and the constituent corporations shall become a new corporation, or be merged into 1 of such corporations, as the case may be,… but all rights of creditors and all liens upon any property of any of said constituent corporations shall be preserved unimpaired, and <u>all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.</u>"   (8 Del. C § 259 (Emphasis added.)

The Orchard attempts to evade this basic tenant of corporation law by citing *Pajarillo v. Bank of America*, 2010 U.S. Dist. LEXIS 115227 (S.D. Cal. Oct. 28, 2010) to the effect that allegations in a complaint that merely stated that the defendant Bank of America was sued as successor in interest were insufficient to impose liability upon Bank of America "through either a veil piercing or successor liability theory."   Based on this out of context quotation and ignoring Valenziano's allegation in paragraph 3 of the Complaint, The Orchard contends that the Complaint does not adequately allege liability

7

against The Orchard as the surviving corporation.   The Orchard has misconstrued both Pajarillo and the Complaint.

To begin with, in making its ruling, the District Court in *Pajarillo* was relying on language from *Pantojo v. Countrywide Home Loans, Inc.* 640 F. Supp. 2d 1177, 1192 (N.D. Cal 2009).   The *Pantojo* court, however, was only considering whether, when two corporations survived a purchase of assets and liabilities, the purchasing corporation could be made responsible for the liabilities of its new subsidiary.   The limited scope of the *Pantogo* ruling was made clear by the district court:

> "It is the general rule that a parent corporation and its subsidiary will be treated as separate legal entities. *Current Inc. v. State Board of Equalization, 24 Cal. App. 4th 382, 391, 29 Cal. Rptr. 2d 407 (Ct. App. 1994); Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th 727, 741, 80 Cal. Rptr. 2d 454 (Ct. App. 1998).* The alter ego doctrine is one exception to the rule where a parent corporation will be found liable for the actions of its subsidiary when there is (1) such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) that if the acts are treated as those of the corporation alone, an inequitable result will follow. *Automotriz Del Golfo De California v. Resnick, 47 Cal. 2d 792, 796, 306 P.2d 1 (1957); United States v. Healthwin-Midtown Convalescent, 511 F. Supp. 416, 418 (C.D. Cal. 1981) affirmed 685 F.2d*

8

*448 (9th Cir. 1982)*. Another exception to the general rule is when the subsidiary is the agent of the parent, which requires a showing that the parent so controls the subsidiary as to cause the subsidiary to be become merely the instrumentality of the parent. *Laird, 68 Cal. App. 4th at 741*. A parent corporation contributing funds to a subsidiary is not enough to find alter ego or agency liability. *Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 539, 541, 99 Cal. Rptr. 2d 824 (Ct. App. 2000)."*

*Id.* at 1192.

Obviously, neither the *Pajarillo* nor *Pantojo* rulings are applicable to the present matter.  Plaintiff's Complaint does not seek to impose liability against The Orchard based on either an alter ego theory or agency liability.   Instead, as explicitly authorized by Delaware law, it seeks to impose liability against the Orchard as the surviving corporation in a merger.   Accordingly, the merger of DMI into DMGI (which then changed its name to The Orchard) cannot form a basis for dismissal of the Complaint.

## B.  The Contractual Claim Has Been Brought Within the Time Period Specified in the Applicable Statute of Limitations.

In general, the statute of limitations for breach of a written contract is four years from the date of the breach--that is, when all the elements of a cause of action have

9

occurred and a suit may be maintained. *Howard Jarvis Tapayers Assn. v. City of La Habra* (2001) 25 Cal 4th 809, 815. There are, however, several exceptions to this rule that are applicable to the instant matter. These include (a) when there is a continuing wrong (*i.e.*, where performance of the contract is divisible) and (b) when the breaching party has by its conduct induced the non-breaching party to foregoing enforcement of the contract.

In the instant matter, the contract provided that defendant would commence making periodic (*i.e.*, quarterly) payments to Valenziano commencing 30 days after the end of the first quarter in which digital downloading occurred. (Complaint, paragraphs 8-10.) Thus, the first such payment was due in or about April 2006 for commissions due on the Corinco catalogue and October 2007 for the Fuel 2000 Records catalogue. In other words, this is a classic case of a divisible contract where failure to make each quarterly payment results in a new breach at the end of each quarter in which a payment was due. Since the contract by its terms, had a final termination date of October 20, 2007, the "final" breach accrued on or about February 1, 2008 when The Orchard failed to make the payments for digital downloading that occurred in the fourth quarter of 2007.

While some California cases have held that a cause of action for the breach of each periodic payment obligation arises at the time the defendants failed to make the periodic

10

payment[2], the California Supreme Court in *Romano v. Rockwell International, Inc.* (1996) 14 Cal.4th 479 made clear that in the case of a divisible contract,

> "whether the breach is anticipatory or not, when there are ongoing contractual obligations the plaintiff may elect to rely on the contract despite a breach, and the statute of limitations does not begin to run until the plaintiff has elected to treat the breach as terminating the contract. [Citation.] In the context of successive breaches of a continuing contractual obligation, we have explained: ` "In such a contract, where the parties did not mutually abandon or rescind it upon a breach or successive breaches, <u>the injured party could wait until the time arrived for a complete performance by the other party and then bring an action for damages for such breaches.</u> [Citation.] Respondent was not bound to treat the contract as abandoned on the first breach of it, or on any particular breach, but had his election to still rely on it, and the statute of limitations could not begin to run until it had made its election." ' " (Id. at pp. 489-490, Emphasis added.)

_____

[2] See, *e.g.*, *Bank of America v. McLaughlin* (1957) 152 Cal.App.2d Supp. 911, 915), *Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1344), and *Conway v. Bughouse, Inc.* (1980) 105 Cal.App.3d 194, 199).

11

Thus, all contractual causes of action are tolled until the final breach by the defendant if the plaintiff so elects. Since the final payment under the contract in issue in this case was not to be made until on or about February 1, 2008, the four year statute of limitations period in which a suit must be commenced will not expire until January 31, 2012.

While *Romano* involved an anticipatory breach case, its actual holding was not limited to anticipatory breach cases when parties have continuing contractual obligations, as is indicated by the very beginning of the passage quoted directly above ("whether the breach is anticipatory **or not**" (Emphasis added.).

While Plaintiff anticipates that The Orchard will argue for a limitation of the holding in Romano, it is clear from earlier case law that even if Romano does not apply to the instant matter (which we do not concede), at the very least Valenziano's claims for quarterly breaches occurring on or after October 1, 2006 are not time barred. Accordingly, the Motion to Dismiss must be denied.

## C. The Impact of the Amendment to the Contract.

The Orchard argues that the amendment to the contract (as alleged in Paragraph 11 of the Complaint) was (1) ineffective since it was not in writing; and (2) since the amendment was oral, any claim based on the amendment must be brought within two

12

years from the date of the breach (i.e., January 31, 2010).  The Orchard is incorrect on both counts for multiple reasons.

First, as discussed above, the amendment is irrelevant to the accrual of the causes of action since in the case of a continuing breach of a divisible contract, the cause of action is tolled until the termination of the agreement.  Since the termination occurred on or about October 20, 2007, the contractual breach of contract claim is not time barred.

Second, while plaintiff has not alleged any writing memorializing the extension of the payment date, it is clear that this is not an executory contract in that both sides performed (*i.e.,* The Orchard continued to make the Catalogue available for digital downloading and Valenziano did not demand immediate payment of the obligation or seek the immediate termination of the agreement based on The Orchard's non-payment).  Thus, Civil Code section 1698 (b) applies:  "A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties.

It is also noteworthy that subparagraph (d) of Civil Code section 1698 provides: "Nothing in this section precludes in an appropriate case the application of rules of law concerning estoppel, oral novation and substitution of a new agreement, rescission of a written contract by an oral agreement, waiver of a provision of a written contract, or oral independent collateral contracts." (Emphasis added.)

13

Even though not expressly alleged in the Complaint, it may be implied from the Complaint as a whole that Plaintiff intended to and did in fact waive the provisions of the Contract requiring the immediate commencement of the quarterly payments specified in said agreement in consideration of The Orchard's continued marketing of the recordings on the Internet.

Third, The Orchard's contention that an action for breach of an oral amendment to a written contract is subject to the two-year statute of limitations is without merit. The Orchard cites no authority for this proposition other than a reference to the general statute of limitations for oral agreements. However, as discussed above, the "oral modification" essentially becomes part of the written agreement and thus would be subject to the same four-year statute of limitations governing written agreements.

**D. Whether a Fiduciary Duty Exists is a Question of Fact**

To properly plead a cause of action for breach of fiduciary duty, Plaintiff must allege:

[T]he existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." (Pierce v. Lyman (1991) 1 Cal.App.4th 1093, 1101-1102.)

"A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily

14

accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent. [Citation omitted.]"Id. at 1101-1102.

In the instant case, Plaintiff alleges that The Orchard is required to receive and account for revenue derived from the digital download of musical tracks embodied in the Catalogues.  Plaintiff concedes, however, that this allegation, standing alone, does not satisfy the requirements for establishing a fiduciary relationship of the parties. Accordingly, Plaintiff requests that he be given leave to amend the Complaint to allege the factors giving rise to such a relationship as identified by, *inter alia*, the California Supreme Court in *City of Hope v. Genentech* (2008) 43 Cal.4th 375.

If the allegations of the Complaint establish an inference that the defendant was acting in a fiduciary capacity, whether or not a fiduciary duty exists becomes a question for the jury.

### E. Plaintiff Properly States a Cause of Action for an Accounting

Contrary to the contention of The Orchard, in an action for an accounting, the case of Teselle v. McLoughlin (2009) 173, Cal. App. 4th 156 <u>imposes no requirement</u> that a fiduciary relationship exist between the plaintiff and defendants.  A fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting. (*Kritzer v. Lancaster* (1950) 96 Cal.App.2d 1, 7.)  Thus, the *Teselle* court held as follows:

15

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting. (Brea v. McGlashan (1934) 3 Cal.App.2d 454, 460; 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 819, p. 236.)

An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation. (St. James Church of Christ Holiness v. Superior Court (1955) 135 Cal.App.2d 352, 359.) A plaintiff need not state facts that are peculiarly within the knowledge of the opposing party. (Brea v. McGlashan, supra, 3 Cal.App.2d at p. 460.)

*Tesselle* at 165.

Accordingly, since (1) the knowledge of how much money is owed to Valenziano by The Orchard is particularly within its knowledge and (2) as discussed in Section I.A of this Memorandum, Plaintiff has established the existence of a relationship between Valenziano and The Orchard, its contention that the accounting cause of action must be dismissed, is without merit.

## F. **Plaintiff has Properly Pled a Claim for Unfair Business Practices**.

The Complaint alleges that The Orchard was contractually obligated to make payments to Valenziano but, despite demand that it do so, it has failed and refused to do

16

so.   (Complaint, paragraphs 11-12.)   Further, it is alleged that said conduct was "fraudulent, deceptive, unfair, and ... wrongful" in violation of California Business and Professions Code section 17200, et seq. (Complaint, paragraph 26.) in that said "unlawful, unfair and fraudulent business practice" was "designed to deprive Plaintiff of money due him pursuant to the terms of the Agreement.

Plaintiff submits that such allegations are sufficient under the notice pleading requirements of the Federal Rules of Civil Procedure ("FRCP").   The policy behind the FRCP is to simply give "notice" of grievances and to leave the details for later in the case. This acts in the interest of equity by concentrating on the actual law rather than the exact construction of pleas.

California, on the other hand, is a Code Pleading state that requires much more detailed allegations that strictly conform to the statutory scheme.  Since The Orchard has elected to remove this matter to U. S. District Court, it cannot now rely upon the pleading requirements of state court.   Accordingly, the cause of action for Unfair Business Practices is not subject to dismissal.

### G. A Claim for Unjust Enrichment is Not Barred.

A claim for unjust enrichment is simply an alternative form of pleading a claim for quantum meruit recovery. *Jogani v. Superior Court* (2008) 165 Cal. App. 4th 901, 911.

While it is duplicative, nothing prohibits the pleading of overlapping or even inconsistent theories of recovery.  Instead, not until the time of the pre-trial conference order, will Plaintiff be required to narrow or "elect" his remedies.  Accordingly, the motion to dismiss the unjust enrichment claim is, at best, premature.

### H. The Common Counts are Not Subject to a Motion to Dismiss Since they are Based on a Properly Pled Breach of Contract and are Subject to the Same Tolling of the Statute of Limitations.

As correctly pointed out by The Orchard, under California law, when an enforceable binding agreement exists defining the rights of the parties, a party is prohibited from obtaining a judgment based on quantum meruit.  Based on this theory, The Orchard then leaps to the conclusion that at the pleading stage it may strike the Quantum Meruit cause of action.  Such a conclusion is unwarranted.

First, it is noteworthy that The Orchard contends that it is not a party to the contract in dispute.  If that is true (which we do not concede), it is difficult to fathom just how the contract defines the rights of the parties.

Second, once again, there is no prohibition to pleading inconsistent or even duplicative theories of recovery.

18

Third, for the reasons stated in Section I.A of this Memorandum, the four-year statute of limitations has been tolled.

## III.    CONCLUSION

For all the foregoing reasons Plaintiff requests that the Motion to Be Dismissed be denied.  Plaintiff further requests that he be given an opportunity to amend his complaint, particularly with respect to the cause of action for breach of fiduciary duty.

Date: January 3, 2011                    LAW OFFICES OF W. GARY KURTZ

/s/     W. Gary Kurtz

By:_____
                 W. Gary Kurtz
            Attorneys for Joseph W. Valenziano

19