UNITED STATES DISTRICT COURT                    **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 10-9754-JFW (PLAx)**                              Date:  January 18, 2011

Title:     Joseph W. Valenziano -v- The Orchard Enterprises, Inc, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   S. Eagle                                   None Present
   Courtroom Deputy                           Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                          None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING IN PART, DENYING IN PART DEFENDANT THE ORCHARD ENTERPRISES, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)
[filed 12/21/2010; Docket No. 6]

   On December 21, 2010, Defendant The Orchard Enterprises, Inc. ("Defendant" or "Orchard") filed a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  On January 3, 2011, Plaintiff Joseph W. Valenziano ("Plaintiff") filed his Opposition.  On January 10, 2011, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 24, 2011 is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

   On April 20, 2004, Plaintiff, a consultant specializing in the commercial exploitation of sound and video recording catalogues, entered into an Independent Contractor Agreement (the "Written Agreement") with Digital Musicworks International, Inc. ("DMI"), pursuant to which Plaintiff agreed to acquire the digital licensing rights to musical and video compositions for DMI.   Paragraph 5 of the Written Agreement provided, in relevant part:

> DMI shall pay Consultant a commission equal to ten (10) percent of DMI's Net
> Income derived from the sale of each musical composition downloaded for which DMI
> is paid and which is acquired by Consultant under this Agreement for so long as this
> Agreement is in full force and effect. . . .Payment to Consultant under this paragraph

shall be paid quarterly, within 31 days from the end of each calendar quarter.

Complaint, Exhibit 1 at ¶ 5.  Plaintiff was to provide the agreed-upon services to DMI for a term of forty-two months commencing on April 20, 2004.  The Written Agreement provided that it "may be amended, supplemented or changed only by an agreement in writing signed by both of the parties."  *Id.*, Exhibit 1 at ¶¶ 2, 12.

As a result of Plaintiff's performance under the Written Agreement, DMI allegedly entered into agreements with Carinco AG and Fuel 2000 Records, Inc.  These agreements granted DMI the exclusive licenses for the digital downloading of certain audio and video recordings.  According to Plaintiff's Complaint, all or a portion of Carinco AG's catalogue became available for digital downloading in or about February 2005, and Fuel 2000 Records, Inc.'s catalogue became available for digital downloading in or about July 2006.  Pursuant to the Written Agreement, the first quarterly commission payments should have been paid within 31 days following each calendar quarter in which a digital download occurred.

However, Plaintiff alleges that DMI and Plaintiff orally agreed to modify the Written Agreement so that payments were deferred until sometime after November 13, 2007, but before January 31, 2008, for digital downloads that occurred during the term of the Written Agreement (*i.e.*, those downloads occurring prior to October 20, 2007).

Plaintiff alleges that Orchard is the successor in interest to DMI as a result of a merger, and that Orchard has refused to make the payments required by the Written Agreement.  Plaintiff filed his Complaint on October 27, 2010, and alleges the following claims for relief against Orchard:  (1) breach of contract; (2) breach of fiduciary duty; (3) accounting; (4) unfair business practices; (5) unjust enrichment; (6) money had and received; (7) work, labor, and services; and (8) quantum meruit.

## II.     LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*,

922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

## III. DISCUSSION

### A. Breach of Fiduciary Duty

Orchard moves to dismiss Plaintiff's second cause of action for breach of fiduciary duty on the grounds that Plaintiff fails to allege any facts establishing a fiduciary duty between the parties. Plaintiff admits that he has failed to allege facts sufficient to establish a fiduciary duty between the parties.

Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). In this case, the Written Agreement indicates that the parties' "common goal was to achieve a mutually beneficial arrangement, not that [DMI or Orchard] had undertaken a fiduciary obligation to act on behalf of and for the benefit of another." *City of Hope Nat'l Medical Center v. Genentech, Inc.*, 43 Cal.4th 375, 386 (2008). Moreover, although Plaintiff requests leave to amend his Complaint, he fails to present any additional facts or argument in his Opposition that would establish a fiduciary duty between the parties. Accordingly, the Court concludes that permitting Plaintiff to amend his Complaint would be futile, and his second cause of action for breach of fiduciary duty is **DISMISSED without leave to amend**.

### B. Unfair Business Practices

Orchard moves to dismiss Plaintiff's fourth cause of action for unfair business practices in violation of California Business & Professions Code § 17200, *et seq.*, on the grounds that Plaintiff fails to allege any facts showing that Orchard's business practices were unfair, unlawful, or fraudulent.

"California's statutory unfair competition laws broadly prohibit unlawful, unfair, and fraudulent business acts." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008). Unlawful acts are "anything that can properly be called a business practice and that at the same time is forbidden by law . . . be it civil, criminal, federal, state, or municipal, statutory,

regulatory, or court-made." *Id.* (quoting *Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003)). "Unfair simply means any practice whose harm to the victim outweighs its benefits." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (quoting *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994). "Finally, fraudulent acts are ones where members of the public are likely to be deceived." *Sybersound Records, Inc.,* 517 F.3d at 1152

"[A] breach of contract may form the predicate for a section 17200 claim, provided it also constitutes conduct that is unlawful, or unfair, or fraudulent." *Sybersound Records, Inc.,* 517 F.3d at 1151. However, Plaintiff has not pled that Orchard's breaches of contract were independently unlawful, unfair, or fraudulent, merely that Orchard did not pay Plaintiff the amounts due under the Written Agreement. *See Conder v. Home Savings of America*, 680 F. Supp. 2d 1168, 1176 (C.D. Cal. Jan. 27, 2010) ("Because a breach of contract claim cannot form the basis for a UCL claim without additional unlawful, unfair, or fraudulent conduct, Plaintiff's UCL claim based on breach of contract fails as well.").

Plaintiff fails to present any additional facts that he could assert in an amended complaint, and instead suggests that these "details" are better left for "later in the case." Accordingly, the Court concludes that permitting Plaintiff to amend his Complaint would be futile, and his fourth cause of action for "unfair business practices" is **DISMISSED without leave to amend**.

### C. Unjust Enrichment

Orchard moves to dismiss Plaintiff's fifth cause of action for unjust enrichment on the grounds that California does not recognize unjust enrichment as a cause of action. The Court agrees. *See, e.g., Iezza v. Saxon Mortg. Services, Inc.*, 2010 WL 3834041, at *2 (C.D. Cal. Sept. 28, 2010) ("Under California law, a claim for unjust enrichment cannot stand alone as an independent claim for relief."); *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008) (internal citations omitted) ("[U]njust enrichment is not a cause of action. Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract."); *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment.").

Accordingly, Plaintiff's fifth cause of action for unjust enrichment is **DISMISSED without leave to amend.**

### D. Quantum Meruit

Orchard moves to dismiss Plaintiff's eighth cause of action for quantum meruit because it is barred by the two-year statute of limitations, set forth in Cal. Civ. Proc. Code § 339. *See Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 996 (1999) (quotations and citations omitted) ("The statute of limitations for quantum meruit claims is two years."); *Maglica v. Maglica*, 66 Cal. App. 4th 442, 452 (1998) (same). Plaintiff erroneously argues that a cause of action for quantum meruit has a four-year statute of limitations.

Based on the allegations of the Complaint, the statute of limitations began to run, at the latest, on January 31, 2008. Because Plaintiff's Complaint was not filed until December 17, 2010,

Plaintiff's eighth cause of action for quantum meruit is barred by the statute of limitations and **DISMISSED without leave to amend.**

### E. Plaintiff's remaining claims

With respect to Plaintiff's remaining claims (breach of contract, accounting, money had and received, and work, labor and services), the Court finds that the issues raised by Orchard are more appropriately resolved in a motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Orchard's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED in part, DENIED in part.** Plaintiff's claims for breach of fiduciary duty, unfair business practices, unjust enrichment, and quantum meruit are **DISMISSED without leave to amend.**

IT IS SO ORDERED.